IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSHUA FRED MICHAEL           §
(# A28393037),                §
                              §
          Petitioner,         §
                              §
V.                            §          No. 3:19-cv-62-S-BN
                              §
UNITED STATES ATTORNEY        §
GENERAL,                      §
                              §
          Respondent.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Joshua Fred Michael, then a detainee at the Prairieland Detention Center in the Dallas Division of this district, "[b]eing held waiting deportation," filed a court-ordered amended petition for writ of habeas corpus under 28 U.S.C. § 2241, "asking for a pause [ ] of deportation on grounds that [he is] ill and need[s] further treatment." Dkt. No. 5. Michael also moved for bail pending removal. *See* Dkt. No. 11.

His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The government responded to the court-ordered amended petition and request for bail. *See* Dkt. Nos. 18 & 19. And Michael filed multiple unauthorized amended petitions and related documents, *see* Dkt. Nos. 7, 8, 13, 14, 15, & 16, and a reply brief, *see* Dkt. No. 20.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss the petition – because Michael has failed to allege a *prima facie* claim for relief – and conclude that it lacks jurisdiction to consider his request for bail pending removal.

## Applicable Background

As the government explained in its response,

> Petitioner is a native and citizen of Kenya. Petitioner was ordered deported on October 20, 1993 after having been convicted of several drug offenses in state court. [Dkt. No. 19 ("App.")] pp. 2, at ¶ 4; 4; 12. He appealed, and the Board of Immigration Appeals affirmed on December 10, 1993. App. pp. 8-10. In July 1994, the [United States Court of Appeals for the] Fifth Circuit affirmed the order of removal. App. pp. 11-17. ICE ERO (Enforcement and Removal Operations) and/or ICE's predecessor agency INS was unable to obtain travel documents to remove Petitioner to Kenya, so Petitioner was first released on an Order of Supervision on April 25, 1995. App. p. 2, at ¶ 5. In 2004, Petitioner failed to comply with the Order of Supervision and was detained, then released on September 6, 2005, when travel documents again were not obtained from Kenya. App. p. 2, at ¶ 6.
>
> During his time on supervision, Petitioner has missed approximately 10 face-to-face appointments, he has missed approximately 20 telephone appointments, and he has failed to submit proof that he is attempting to obtain travel documents from Kenya. App. p. 2, at ¶ 7. Petitioner was taken into ICE custody on December 11, 2018, for violating his conditions of supervision. App. p. 3, at ¶ 8. On February 7, 2019, a travel document was issued for Petitioner. App. p. 3, at ¶ 9. Petitioner was originally scheduled for removal on March 5, 2019, but the date had to be rescheduled due to flight availability. App. p. 3, at ¶ 10. Petitioner is now scheduled to be removed on March 26, 2019. App. p. 3, at ¶ 11.

Dkt. No. 18 at 1-2. Michael does not refute this factual background. *See, e.g.,* Dkt. No. 20. But his reply brief, filed April 10, 2019, reflects that he was transferred to a staging facility in Alexandria, Louisiana on April 8, 2019 and is scheduled for removal on April 11, 2019. *See id.* at 7.

## Legal Standards and Analysis

To begin, despite Michael's recent transfer outside this district, the Court retains jurisdiction to consider his habeas petition. *See Griffin v. Ebbert*, 751 F.3d 288, 290-91 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (collecting cases)).

As Michael's removal order was final when he filed his initial Section 2241 petition in January 2019, *see* Dkt. No. 1, his detention at that time was governed by 8 U.S.C. § 1231,

> which provides that the Attorney General shall remove the alien within a period of 90 days, during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). If he is not removed within the 90-day period, he may be detained beyond that time or released subject to the terms of supervision prescribed by the Attorney General. § 1231(a)(3), (6). It is presumptively constitutional for an alien to be detained for six months after a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

*Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (per curiam).

The 90-day removal period expired prior to Michael's filing this habeas action. But, at the time this action was filed, "[a]lthough that period ha[d] expired, [Michael had] not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his continued post removal order detention is premature." *Id.* (citing *Zadvydas*, 533 U.S. at 701, and dismissing appeal for want of jurisdiction); *see Saeku v. Johnson*, No. 1:16-cv-155-O, 2017 WL 4075058, at *3 (N.D. Tex. Sept. 14, 2017) ("In order for an alien to

establish a *prima facie* claim for habeas relief under the *Zadvydas* rationale, [ ] he must first establish that he has been in post-removal order custody for more than six months at the time the habeas petition is filed." (citing *Apau v. Ashcroft*, No. 3:02-cv-2652-D, 2003 WL 21801154, at *2 (N.D. Tex. June 17, 2003))); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("This six-month period [ ] must have expired at the time [the] § 2241 petition was filed in order to state a claim under *Zadvydas*." (footnote omitted)).

As of the date of these findings, conclusions, and recommendation, Michael, if not yet removed to Kenya, still has not been in post-removal custody for six months. And, as the filings in this action further show, "he has not alleged sufficient evidence to establish 'that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Apau*, 2003 WL 21801154, at *2 (quoting *Zadvydas*, 533 U.S. at 701).

For these reasons, Michael has not stated a *prima facie* claim for habeas relief, which requires the dismissal of his petition. And none of the unauthorized amended petitions or related filings alter this conclusion.

Further, assuming Michael was not removed on April 11, 2019, the Court lacks jurisdiction to consider his request to be released on bail or other conditions pending removal. *See Maramba v. Mukasey*, No. 3:08-cv-351-K, 2008 WL 1971378, at *3 (N.D. Tex. Apr. 28, 2008) ("[U]nder 8 U.S.C. § 1226(e) and the Fifth Circuit's decision in *Loa-Herrera v. Trominiski*, 231 F.3d 984 (5th Cir. 2000), as well as 8 U.S.C. § 1252(a)(2)(B)(ii), [a district court] lack[s] jurisdiction to review the decision to deny

release on bond itself or the Attorney General's discretionary judgment regarding the application of § 1226(a), 'including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints.'" (quoting *Loa-Herrera*, 231 F.3d at 991; adopting the holding of *Kambo v. Poppel*, No. SA-07-CV-800-XR, 2007 WL 3051601, at *6-*10 (W.D. Tex. Oct. 18, 2007))); *see also Hernandez–Esquivel v. Castro*, No. 5-17-CV-0564-RBF, 2018 WL 3097029, at *10 (W.D. Tex. June 22, 2018) ("[A] review process exists to determine whether a detainee may be released on bond. This administrative process gives the Attorney General discretion in determining whether there is a likelihood of removal as well as whether a detainee may be released and, if so, under what conditions. ... Insofar as [a petitioner] challenge[s] this discretionary decision on the merits, this Court lacks jurisdiction because the Attorney General's exercise of discretion is not reviewable." (citations omitted)).

### Recommendation and Directions to the Clerk of Court

The Court should dismiss the Section 2241 petition and conclude that it lacks jurisdiction to consider the request for bail pending removal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Further, given the substantial likelihood that Michael has been removed from the United States, the Clerk of Court shall mail a copy of these findings, conclusions, and recommendation to Michael's wife at the address listed in her letter attached to the reply brief. *See* Dkt. No. 20 at 7.

DATED: April 11, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE